# Exhibit A

ELECTRONICALLY FILED
3/17/2025 1:35 PM
47-CV-2025-900425.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT FOR MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| **2020 AT PROVIDENCE, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. CV-25-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| **RIVER STREET ARCHITECTURE, LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, 2020 at Providence, LLC ("Plaintiff"), by and through its undersigned counsel, and files this Complaint against Defendant, River Street Architecture, LLC ("Defendant"), and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, 2020 at Providence, LLC, is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Madison County, Alabama.

2. Defendant, River Street Architecture, LLC, is a limited liability company organized and existing under the laws of the State of Tennessee which conducts business in Madison County, Alabama.

3. This Court has subject matter jurisdiction over this dispute pursuant to Ala. Code § 12-11-30, as the amount in controversy exceeds the jurisdictional threshold and the claims asserted arise under the laws of the State of Alabama.

4.Venue is proper in this Court pursuant to Ala. Code § 6-3-7(a), as a substantial portion of the events giving rise to this claim occurred in Madison County, Alabama. Moreover, the project at issue was the project known as "2020 at Providence" (hereinafter "project") which is located within the Village of Providence in Madison County, Alabama.

## FACTUAL BACKGROUND

5.Plaintiff engaged Defendant to provide architectural services, including but not limited to, oversight and verification of the general contractor's compliance with construction drawings and progress payment certifications.[1]

6.Defendant was responsible for verifying the completion percentage of the construction work prior to authorizing the release of progress payments from the lender.

7.Defendant negligently and/or falsely certified that certain percentages of construction work had been completed by the general contractor when, in fact, the work had not been performed at all or had not been performed in accordance with the approved construction drawings.

8.Plaintiff relied upon Defendant's certifications in requesting and authorizing bank draws to pay the general contractor, and through the general contractor, various subcontractors.

9.As a result of Defendant's negligent and/or false certifications, Plaintiff suffered financial harm, including but not limited to, overpayments to the general contractor, delays in construction, and additional costs to rectify the uncompleted work. Defendant's actions caused Plaintiff to pay significantly more than the full contract price. Due to Defendant's negligence

---

[1] Plaintiff's General Contractor executed the contract with River Street Architecture, LLC as "agent" for 2020 at Providence, LLC.

and/or its failure to satisfy its contractual obligations, Plaintiff paid the general contractor for work that was not completed (despite Defendant's certifications to the contrary) and then pay again to actually have the work completed and/or remedied to comply with the contract standards.. Plaintiff relied on the expertise of Defendant to verify that work was done, and done in accordance with the contract specifications, and such reliance worked to Plaintiff's detriment.

## COUNT I
## NEGLIGENCE

10. Plaintiff incorporates by reference paragraphs 1 through 9 as if fully set forth herein.

11. Defendant owed a duty to Plaintiff to exercise reasonable care, skill, and diligence as a professional architect in verifying and certifying the completion of construction work before certifying payment requests to Plaintiff and Plaintiff's Lender. Defendant also owed a duty to personally inspect the project prior to making any certifications to Plaintiff, its general contractor, or its lender.

12. Defendant breached this duty by negligently certifying that work had been completed when, in fact, it had not. Defendant further breached this duty by negligently verifying that work had been done when in actuality Defendant never visited the property to inspect.

13. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages, including financial losses and additional costs to complete the work.

## COUNT II
## BREACH OF CONTRACT

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

15. Plaintiff and Defendant entered into a contractual agreement under which Defendant agreed to perform architectural services, including oversight and verification of construction progress.

16. Defendant materially breached the contract by failing to accurately verify the progress of construction and by certifying false completion percentages.

17. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages, including financial losses and construction delays.

## COUNT III
### FRAUD, SUPPRESSION, AND MISREPRESENTATION

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. Defendant knowingly or recklessly misrepresented and/or suppressed material facts by falsely certifying that construction progress had reached certain percentages when it had not.

20. Defendant's misrepresentations and/or suppressions were made with the intent to induce Plaintiff to rely on them and authorize bank draws which would, in turn, result in payments to the architect as well for professional services.

21. Plaintiff reasonably relied on Defendant's misrepresentations to its detriment.

22. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff suffered financial harm.

COUNT IV
**NEGLIGENT MISREPRESENTATION**

23. Plaintiff incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. Defendant, in the course of its business, supplied false information regarding the progress of construction, which Defendant had a duty to verify with reasonable care.

25. Plaintiff justifiably relied on Defendant's false certifications in approving bank draws.

26. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff suffered financial harm.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages in an amount to be determined at trial;

2) Consequential damages, including but not limited to, costs to complete construction and losses incurred due to delays;

3) Punitive damages as permitted by law;

4) Attorney's fees and costs of this action;

5) Pre- and post-judgment interest; and

6) Such other and further relief as the Court deems just and proper.

**TRIAL BY STRUCK JURY DEMANDED**

        *s/ David W. Holt*
        G. Bartley Loftin, III (LOF009)
        David W. Holt (HOL148)
        Angela M. Schaefer (SCH157)
        Nicholas Cole Hughes (HUG057)
        Attorneys for Plaintiff

**OF COUNSEL:**

G. Bartley Loftin, III (LOF009)
David W. Holt (HOL148)
Angela M. Schaefer (SCH157)
Loftin Holt Hall & Hargett LLP
200 Clinton Ave. W, Ste. 405
Huntsville, AL 35801
Telephone (256) 929-7997
bartley@loftinholt.com
david@loftinholt.com
angela@loftinholt.com

**Argo | Hughes | Alfreds, LLC**
**Nicholas Cole Hughes (HUG057)**
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:    334-279-0088
Fax:    334-279-8830
nick@argohughes.com

**TO BE SERVED VIA CERTIFIED MAIL:**

**River Street Architecture, LLC**
**123 E 7th Street, Suite 400**
**Chattanooga, TN 37402**